**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RAYMOND C. FOSS, | No. 11-16129 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01791-CTB |
| v. | |
| UNITED STATES MARSHALS SERVICE; REDDING POLICE DEPARTMENT; TODD ROWEN, Officer; FORT MILL POLICE DEPARTMENT; CHARLES ROBINSON, Lieutenant; WILKINS, Officer; LUCAS, Sergeant; IRVIN; L. DAN MALPHRUS, Jr., Judge, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Carlos T. BEA, Circuit Judge, Presiding

Argued and Submitted August 14, 2013
San Francisco, California

Before: REINHARDT, NOONAN, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Raymond Foss appeals the district court's dismissal of his claims at the screening stage under the Prison Litigation Reform Act, 28 U.S.C. § 1915A, for failure to state a claim. We must determine whether Foss's complaint, "taking all well-pleaded factual allegations as true, [] contains enough facts to 'state a claim to relief that is plausible on its face.'" *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). Because Foss was pro se before the district court, we "construe the pleadings liberally and [] afford the [plaintiff] the benefit of any doubt.'" *Id.* at 342.

1.      Although Foss admits that he signed a waiver of extradition, he claims that the waiver was not "knowing and voluntary" and therefore invalid. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Even assuming that the waiver was invalid, Foss cannot state a claim for relief against any defendants for actions taken after he signed it, as the waiver was facially valid. *Mills v. Graves*, 930 F.2d 729, 732 (9th Cir. 1991); *see also Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

2.      Foss also appeals the dismissal of claims against Officer Rowen, the California officer who requested his detention, and Lieutenant Robinson the South Carolina officer who obtained the fugitive arrest warrant. He cannot state a plausible claim for relief, however, because it is undisputed that the California warrant had been issued before Rowen contacted Robinson. Both California and

2

South Carolina law permit an officer to request the arrest of a fugitive on the basis of an outstanding arrest warrant and before the issuance of a formal extradition demand. Cal. Pen. Code § 1551.1; S.C. Code § 17-9-10. Robinson listed the California arrest warrant number in the affidavit and conducted an NCIC check earlier that day. The warrant number alone would likely establish probable cause for a fugitive arrest warrant. The NCIC check would also have been sufficient to obtain a fugitive arrest warrant. *Case v. Kitsap Cnty. Sheriff's Dep't*, 249 F.3d 921, 928 (9th Cir. 2001).

**AFFIRMED.**